## Heroic Hoagie Inc. v. Massa

C.P. of Monroe County, no. 926 Civil 1996.

*Joan M. Sullivan,* for plaintiff.
*Vance E. Meixsell,* for defendants Massa and Athens.
*Thomas P. Sundmaker,* for defendant Kasa's Inc.

O'BRIEN, *J.,* May 13, 1996—

## I. FINDINGS OF FACT

(1) On May 20, 1993, Anthony Massa Jr. and James P. Athens, hereinafter referred to as landlords, entered into a five year lease agreement with Heroic Hoagie Inc., through its president Melissa Masure, hereinafter referred to as tenant, for suite 8 of the Regency Plaza on Route 209 in Brodheadsville, Monroe County, Pennsylvania. The lease contained the following pertinent provision:

"ARTICLE 6. RECIPROCAL LIMITATIONS

"Exclusive Business Rights

"6.01 LESSOR will not in any way lease out, operate, or otherwise provide or allow any premises under LESSOR'S control to establish, conduct, or offer the following types of merchandise or services: retail food sales or convenience store.

"Tenant's Refraining From Competition

"6.02 LESSEE will not, during the term of this lease, in any way establish or conduct the following business or service: the sale of alcoholic beverages or pizza.

"Enforcement of Exclusive and Noncompetitive Rights

"6.03 It is agreed that either LESSOR or LESSEE may bring an action against the other, or against any third party involved, for injunctive relief by way of enforcement of the above provisions on restricted use of space and competition, after giving of written notice by the party aggrieved under this lease to the other lease party of the alleged violation and allowing seven days' time for such party to take satisfactory action to remedy the breach. In addition to the above rights, after passage of the above seven days' notice, the aggrieved party may elect at any time until actual remedy of the breach to cancel the lease on 30 days' written notice." (See plaintiff's exhibit 1.)

(2) On December 15, 1995, the landlords entered into a lease with Kasa's Inc. through its president, Michael M. Kasapov, hereinafter referred to as new tenant, for suites 1 and 2 of the Regency Plaza. The term of the lease was for an original period of 13 1/2 months with various option provisions extending out to 15 years. The lease with the new tenant contained the following pertinent provision:

"Lessor agrees to allow lessee to sell all items listed on attached menu—exhibit C and be made part of said lease agreement. Lessor also agrees lessee has option to install hot and cold salad bar, dinners and *any items that are not presently served by Heroic Hoagie.* There will be no limit on menu except cold hoagies until Heroic Hoagie leaves. Lessor will give lessee first option to add cold hoagies etc. to lessee menu, before passing

this option on to a new tenant." (emphasis added) (See defendants' exhibit 5.)

(3) Although pizza sales comprise more than half of the new tenant's business, the new tenant also offers for sale several retail food items also furnished by the original tenant. (Compare plaintiff's exhibits 3 and 5.) Twenty-one percent of the new tenant's food sales are for items already sold by the original tenant.

(4) The original tenant does not sell alcoholic beverages or pizza. The new tenant has applied to obtain a liquor license for its premises.

(5) On January 19, 1996, the original tenant, through its counsel, invoked the provisions of paragraph 6.03 of its lease and notified the new tenant of its intention to seek injunctive relief.

(6) The plaintiff has suffered a substantial loss of business income since the new tenant opened its enterprise which could result in a closing of the original tenant's business.

## II. DISCUSSION

The plaintiff's burden to secure a preliminary injunction is to show (1) that the issuance is necessary to prevent immediate and irreparable harm which could not be compensated by damages, (2) that greater injury would result from the refusal to issue an injunction than will be caused by its issuance, (3) that it properly restores the status quo which existed before the improper action was taken by the offending party, (4) that the determination that the activity sought to be restrained is actionable and, (5) that such an injunction can prevent the wrong. *Albee Homes Inc. v. Caddie Homes Inc.,* 417 Pa. 177, 207 A.2d 768 (1965).

In spite of the poor draftsmanship demonstrated by both leases at issue in this proceeding, the intent of the parties in certain respects is clear. It is apparent that the landlords intended the original tenant to have some exclusivity of selling all food items other than pizza and alcoholic beverages in the plaza. It is also clear that the new tenant was aware that there would be some restrictions on the items it could offer so as not to compete with the original tenant's business. Since our Supreme Court has held in *Commonwealth v. Rosetta Oil Inc.,* 535 Pa. 343, 635 A.2d 139 (1993) that being forced out of business represents irreparable harm, the evidence at hearing establishes the right of the plaintiff to some injunctive relief. However, the injunctive relief granted should be tailored to be equitable to both parties. Since the new tenant's operation will include a liquor license and full dinner menu which goes beyond the offerings of the original tenant, that aspect of the business should not be precluded. However, the new tenant should be precluded from selling the items offered by the original tenant's menu.

Restrictive covenants in commercial leases are presumed valid so long as the protection afforded the tenant does not cause undue hardship to the restricted party. *Great A & P Tea Co. Inc. v. Bailey,* 421 Pa. 540, 220 A.2d 1 (1966); *J.C. Penney Co. v. Giant Eagle Inc.,* 813 F. Supp. 360 (W.D. Pa. 1992). In the instant case, the plaintiff gave up the right to serve pizza and to obtain a liquor license in exchange for the exclusive right to sell other retail food items in the Regency Plaza. This bargained-for exchange is entitled to protection in a court of equity. While the new tenant clearly has the right to sell pizza and alcoholic beverages (when a liquor license is granted), it should not be permitted

to sell, for example, a cheese steak sandwich in direct competition with the original tenant.

## III. CONCLUSIONS OF LAW

(1) The caption of this proceeding should be corrected to accurately reflect the identity of the parties as set forth on the documents introduced at hearing.

(2) The lease agreement between the plaintiff original tenant and the landlords contained a valid and enforceable restrictive covenant.

(3) The lease between the landlords and the new tenant makes apparent the new tenant's knowledge of the existence of the restrictive covenant in favor of the original tenant.

(4) Injunctive relief is necessary to prevent immediate and irreparable harm and that greater injury would result from the refusal to issue an injunction than will be caused by its issuance.

(5) The injunctive relief granted will restore the status quo which existed prior to the commencement of the new business enterprise and relief is tailored to correct the wrong.

(6) Since the new tenant testified that 21 percent of its sales constituted items overlapping with the menu of the plaintiff, this category of sales should constitute a proper basis for an injunctive bond.

## DECREE

And now, May 13, 1996, following hearing, it is ordered as follows:

(1) Landlords Anthony Massa Jr. and James P. Athens are enjoined from entering into any further leases for any retail food establishment in the Regency Plaza dur-

ing the term of their lease with the plaintiff Heroic Hoagie Inc.

(2) New tenant Kasa's Inc. and its president, Michael M. Kasapov, are enjoined from selling any food items described on the menu of the plaintiff Heroic Hoagie Inc. introduced in evidence at hearing as plaintiff's exhibit 5.

(3) In accordance with the provisions of Pa.R.C.P. 1531(b)(1), the plaintiff shall file a bond with the prothonotary of Monroe County in an amount equal to the 21 percent overlap sales during the months of March and April 1996. The new tenant is directed to file of record an affidavit, sworn to by an accountant or other bookkeeping professional, setting forth the amount of such overlap sales. Plaintiff's bond shall be filed within five days of the filing of the foregoing affidavit by the new tenant.

(4) All defendants shall bear the costs of these proceedings. Further proceedings shall be in accordance with the Pennsylvania Rules of Civil Procedure.